IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MISS GLORIA MARIA MONTOYA SANTIAGO REMIREZ,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-2642 |
| | : | |
| **SENATOR OF DELAWARE/ NEW JERSEY,** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                               **MAY 30, 2025**

Currently before the Court is a Complaint filed by *pro se* Plaintiff Gloria Maria Montoya Santiago Remirez. Remirez also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Remirez *in forma pauperis* status and dismiss the Complaint.

I.   FACTUAL ALLEGATIONS[1]

Although Remirez utilized the court's standard form complaint to commence this matter, the handwritten portions are illegible in part. (*See* ECF No. 1 ("Compl.").) She lists numerous state and federal entities and individuals as Defendants, such as "Senator and Governor of Pennsylvania," "USA Capital Region Mayors," "Senator and Governor of Virginia," "USA District Attorney Staffers of New York State," as well as "USA Medical Center and its System Including Travellers Insurance," "Health Insurance," "Castrophie Global Insurance," "Academic Insurance," "Renters Insurance," "Foreign Country Insurance," "Realtors Insurance," and "Insurance for Production and Factory Workers." (*Id.* at 1-2.) While Remirez lists the

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system to the pleadings in this case.

Philadelphia address of the Morgan and Morgan law firm as her address, it does not appear she is represented by counsel. (*See id.* at 1.) She checked the box on the form to indicate that federal question is the basis for this Court's jurisdiction. (*Id.* at 2.)

Given the disjointed manner in which Remirez presented her pleading, the true nature of any claim is not discernable. For example, she asserts that the events giving rise to her claims occurred in "SE Asia/USA/Military Bases/EuroAsia/Middle East/Africa-AIDS/Central America." (*Id.* at 3.) She estimates that the events started in 1936 and occurred through "9090." (*Id.*) Although Remirez presents no coherent factual allegations, she appears to take issue with various federal and state government entities and policies pertaining to immigration, employment, and public assistance, as well as the legal system and the insurance industry. (*See id.* at 3-4.) Remirez submitted several attachments with her Complaint, including instruction forms relating to state benefits for low-income individuals, brochures relating to housing and employment, and forms pertaining to a recent hospitalization. (*See id.* at 6-25.)

## II.     STANDARD OF REVIEW

The Court will grant Remirez leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual

2

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Additionally, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Remirez is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). The Court, however, is not required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (*per curiam*) (internal quotations and citations omitted). "[A] pleading that is so

'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93.

## III. DISCUSSION

Remirez's Complaint is confused, convoluted, largely incomprehensible, and fails to provide fair notice of the grounds upon which the claims against each defendant rest. As pled, it does not satisfy Rule 8. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (explaining that Rule 8 permits dismissal where the complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised"). Further, even when liberally construed, the Complaint lacks coherent factual allegations that might support a viable cause of action against a defendant, *see Ackerman v. Mercy Behav. Health*, 621 F. App'x 711, 714 (3d Cir. 2015) (*per curiam*) (affirming dismissal pursuant to § 1915(e)(2)(B)(i) as frivolous because "there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court"), and her allegations rise to the level of fanciful. Because Remirez's Complaint does not meet the requirements of Rule 8 and because she has not alleged a plausible basis for a non-frivolous claim, the Complaint will be dismissed. *See Adams v. US States Treasury Sec'y*, 655 F. App'x 890, 891 (3d Cir. 2016) (*per curiam*) (affirming dismissal of incomprehensible complaint as frivolous and for not meeting the requirements of Rule 8).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Remirez's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) with prejudice. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110

(3d Cir. 2002). Remirez is advised that she may be subject to a pre-filing injunction if she continues to file cases that have no basis in law or fact.[2]

An Order follows, which dismisses this case and shall be docketed separately. *See* Federal Rule of Civil Procedure 58(a).

            **BY THE COURT:**

            /s/ Chad F. Kenney

            _____
            **CHAD F. KENNEY, J.**

---

[2] Remirez, who at times uses alternate spellings of her names, has filed similar cases in other federal district courts within the last year. *See, e.g., Santiago-Ramirez v. FBI Immigration Unit (Witness Program), et al.*, Civil Action No. 25-0397 (D. Del.); *Santiago-Ramirez v. State of Maryland Governor's Office/Attorney General, et al.*, Civil Action No. 25-0398 (D. Del.); *Santiago-Ramirez v. American Airlines, et al.*, Civil Action No. 25-0466 (D. Del.); *Santiago-Ramirez, et al., v. USA Govt., et al.*, Civil Action No. 25-0468 (D. Del.); *Santiago-Ramirez v. Embassy of Ghana, et al.*, Civil Action No. 25-0607 (D. Del.); *Santiago-Ramirez v. Brooks Brothers Garment Manufacturing, et al.*, Civil Action No. 25-0608 (D. Del.); *Santiago-Ramirez v. State of Delaware, et al.*, Civil Action No. 25-0610 (D. Del.); *Santiago Ramirez v. USINS Panel Board, et al.*, Civil Action No. 24-1890 (D. Va.); *Santiago Ramirez v. USA Social Security, et al.*, Civil Action No. 24-1891 (D. Va.); *Santiago Ramirez v. United Airlines Holding, LLC, et al.*, Civil Action No. 24-0836 (D.D.C.); *Santiago Ramirez v. Medstar Healthcare Worldwide, et al.*, Civil Action No. 24-0852 (D.D.C.).